**Becky Straus**
OSB #102080
bstraus@oregonlawcenter.org
**Marisa Samuelson**
OSB #144234
msamuelson@oregonlawcenter.org
**Monica Goracke**
OSB #060650
mgoracke@oregonlawcenter.org
**OREGON LAW CENTER**
522 SW Fifth Ave., Suite 812
Portland, OR 97204
Phone (503) 295-2760
Fax (503) 295-0676

**Andrea Ogston**
OSB #053360
andrea.ogston@lasoregon.org
**Julia S. Olsen**
OSB #960108
julia.olsen@lasoregon.org
**LEGAL AID SERVICES OF OREGON**
520 SW Sixth Ave., Suite 700
Portland, OR  97204
Phone (503) 224-4086
Fax (503) 295-9496
Attorneys for Intervener-Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PHILLIP E. OWEN, an individual**;** OWEN PROPERTIES LLC, an Oregon limited liability company; and MICHAEL L. FEVES, an individual, | Case No.:  3:17-cv-00221-SI  <br><br>**MEMORANDUM IN SUPPORT OF TENANTS' MOTION TO INTERVENE UNDER F.R.C.P. 24** |
| Plaintiffs, | |
| v. | |

1    MEMORANDUM IN SUPPORT OF TENANTS' MOTION TO INTERVENE

CITY OF PORTLAND, an Oregon municipal
corporation,

                Defendant.

I.      INTRODUCTION

      Tenants Coya Crespin, Scott Carroll, and Yesica Sanchez ("Tenants") are three individuals who all reside within the City of Portland and have been served by their landlords (who are not plaintiffs in this case) with either no-cause termination notices or rent increase notices in excess of 10% of their monthly rent. With the passage of the rental relocation ordinance ("the Ordinance") on February 2, 2017, each of these tenants now has the right under the ordinance to seek relocation assistance from their respective landlords. *See* City of Portland's Response to Plaintiffs' Motion for Temporary Restraining Order ("City's Response") at p. 7; PCC 30.01.085.D. If this Court grants plaintiffs' request for an injunction against the Ordinance, their landlords will not pay relocation assistance. All seek to intervene in this case because of the irreparable harm they and their families will suffer if plaintiffs' request for a temporary restraining order is granted.

II.     LEGAL STANDARD

      Ms. Crespin, Mr. Carroll, and Ms. Sanchez seek to intervene in this lawsuit under Federal Rule of Civil Procedure 24(b). Under this Rule, the Court may, but is not required to, grant Tenants' request. "Applicants for permissive intervention under Rule 24(b) must meet three threshold requirements: '(1) an independent ground for jurisdiction; (2) a timely motion; (3) a common question of law and fact between the movant's claim or defense and the main action.'" *United States v. RiverCliff Farm, Inc.*, 2016 U.S. Dist. LEXIS 94056 (D. Or. July 8, 2016) (quoting *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002)). Furthermore,

2    MEMORANDUM IN SUPPORT OF TENANTS' MOTION TO INTERVENE

"[i]n exercising this discretion, a court 'must consider whether intervention will unduly delay the main action or will unfairly prejudice the existing parties." *Id.* at *2 (quoting *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998).

As this Court noted in *United States v. RiverCliff Farm, Inc.*,

> In evaluating whether these requirements have been met, courts "are guided primarily by practical and equitable considerations" and generally construe the intervention rule "broadly in favor of proposed intervenors." *City of Los Angeles*, 288 F.3d at 397 (quotations and citations omitted). "Courts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." *S.W. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001). A proposed intervenor has a significant protectable economic interest when that interest is "concrete and related to the underlying subject matter of the action." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). The interest must be "direct" and "non-contingent." *Dilks v. Aloha Airlines*, 642 F.2d 1155, 1157 (9th Cir. 1981).

*Id*. at *2.

III. ARGUMENT

A. Tenants Have An Independent Ground for Jurisdiction.

The first requirement under F.R.C.P. 24(b) for an independent ground for jurisdiction is easily met in this case. Tenants, along with thousands of other Portland renters, are the real parties in interest in this motion for a temporary restraining order. As the City points out in its Response, the plaintiff landlords could have joined their actual tenants in this case, but failed to do so. Those tenants, whose identities are unknown to the proposed intervenors and their counsel, have pending no-cause termination notices to which the Ordinance applies. *See* City's Response at p. 7. The Ordinance also applies to tenants with rent increase notices that were pending as of February 2, 2017 where the new rent exceeds 10% of their monthly rent, which is the case for Ms. Sanchez. Tenants with pending rent increase notices have a deadline of February 16 to give notice that they will move out and accept relocation assistance benefits;

otherwise, they will lose the right to claim relocation assistance from their landlords. The tenants who seek to intervene, along with many others who are not represented in this lawsuit, are in the same or substantially similar position, and thus have legal rights that will be extinguished if plaintiffs prevail on their motion.

B. Tenants' Motion to Intervene is Timely.

The second requirement for a timely motion is also met here. Tenants filed their motion on the afternoon of February 14 before the Court's hearing on the temporary restraining order scheduled for February 15 at 9:00 a.m. Despite the compressed briefing schedule, Tenants quickly brought their motion, and their counsel conferred with counsel for both parties before filing this motion. Tenants do not request any delay in the briefing schedule. Nor do they seek postponement of the TRO hearing.

In *Cedar Lake Homeowners Ass'n v. Northwest Empire Cmty. Mgmt., Community Management, Inc*., 2016 U.S. Dist. LEXIS 175942 (D. Or. Oct. 12, 2016), Judge Papak denied an intervention request where the proposed intervenor had known about its potential claim for three years, but had chosen to "remain a passive bystander until the other parties had litigated summary judgment motions and reached a settlement agreement." *Id.* at *6. In contrast, Tenants here have moved as quickly as possible to ask this Court to preserve their legal rights.

C. Common Questions of Law and Fact Exist.

Finally, there is a common question of law and fact between the movant's claim or defense and the main action, satisfying the third requirement for permissive intervention. Here the question of law and fact surrounding Tenants' defense is not only related, it is inextricable from the main action because the landlords are trying to sue their tenants preemptively by suing the City. Their TRO motion specifically asks this Court to "enjoin defendant City of Portland

from allowing [the Ordinance] to take effect." *See* Plaintiffs' Motion for Temporary Restraining Order and Order to Show Cause, p. 2. But the requested action specified by the landlords is not proper relief sought against the City. Having now passed the Ordinance, the City has no role in enforcing it. The landlords argue that they were harmed by the City's passage of the Ordinance, but do not contend that any continuing action by the City harms them. Apart from the fact that the landlords are confusing the relief available under F.R.C.P. 57 with that available under F.R.C.P. 65, the landlords' request can only be construed as a request to halt *tenant* enforcement of their rights under the Ordinance, and therefore, Tenants and those similarly situated are critical parties to this case.

      D. Tenants Have Separate Claims At Stake

Although Tenants do not seek mandatory intervention, it may be useful to the Court in its adjudication of this matter to address the fourth factor considered under that standard, the question of whether the existing parties may or may not adequately represent the proposed interveners' interests. *United States v. RiverCliff Farm, Inc.*, 2016 U.S. Dist. LEXIS 94056 at *1. This factor is closely related to the question of whether the existing parties will be prejudiced by the proposed intervention. The City of Portland indicates in its response to the TRO motion that it passed the Ordinance to benefit tenants in Portland, and Tenants agree that the City has every incentive to defend their interests. However, Tenants believe they have an independent interest in this litigation, separate and distinct from the city's interest, that will be significantly impaired if they are not allowed to participate. Tenants have claims that the City may not have standing to raise and have a strong interest in participating in the discovery process. In particular, Tenants have property and due process rights that are at stake here. By failing to join any tenants in this case, plaintiff landlords have effectively filed a reverse class

action, seeking to deprive a class of tenants of their property interest in relocation expenses without any notice to any member of the class or opportunity for them to be heard.

In addition, Tenants can assert particularized, personalized harm that City can only invoke indirectly. As shown by the Declarations of each tenant, they and dozens of neighbors risk losing relocation assistance benefits that will help them avoid almost certain homelessness. For example, Coya Crespin states, "Without relocation assistance, I do not know what my kids and I will do to survive after eviction and find new housing." *See* Declaration of Coya Crespin, ¶ 5. Scott Carroll states, "I have about $20 in savings…I do not know what I am going to do and I know I will not last more than a week on the streets. If I am given relocation money, it will give me room to breathe because I will be able to pay a deposit, pay for a short-term rental while I keep looking, and cover the costs of application fees." Declaration of Scott Carroll, ¶ 4. Yesica Sanchez states, "Without relocation assistance, I do not know how my family will survive the expenses of a move and will find new housing. We cannot afford a new security deposit and first and last month rent for another apartment. I know that many of my neighbors at the Normandy are feeling the same desperation." Declaration of Yesica Sanchez, ¶¶ 10-11.

E. Tenants Face Severe Harm If the TRO Is Granted.

It is Tenants, and others in their position, who will suffer irreparable injury if the landlords' TRO motion is granted. Housing opportunities are unique and if lost, cannot be replaced. "It is axiomatic that wrongful eviction constitutes irreparable injury." *Brown v. Artery Org. Inc.*, 654 F.Supp. 1106, 1118 (D.D.C 1987). "It is well-established that the loss of an interest in [rental] property constitutes an irreparable injury." *Park Village Apt. Tenants Ass'c v. Mortimer Howard Trust*, 636 F.3d 1150, 1159 (9th Cir. 2011).

The balance of equities tilts sharply in favor of Tenants' interests here. If this Court declares the ordinance unenforceable even temporarily, tenants with pending rent increase notices will be forced to give notice of moving out without knowing whether or not they will receive rental relocation assistance, and tenants with pending no-cause notices will be substantially prejudiced by the delay in determination of whether the Ordinance may apply to them or not. The consequences of this uncertainty and possible loss of benefits are severe. Some will not be able to keep their kids in school or may lose their jobs. All will be forced to find housing far from their current neighborhoods, without the benefit of any assistance to cover moving costs, application fees, and first and last months' rent and a security deposit at a new home. As they have testified, rental relocation assistance will help each of them avoid probable to near certain homelessness.

IV.  CONCLUSION

For the reasons described above, Tenants respectfully request this Court to grant their motion to intervene and request that plaintiffs' TRO motion be denied. If the Court is not inclined to grant their motion, they request in the alternative that this motion and its accompanying declarations be allowed in the form of an *amicus curiae* brief and weighed by this Court as evidence against granting the plaintiffs' motion for a temporary restraining order.

DATED this 14th day of February, 2014.

OREGON LAW CENTER

By: /s/  Monica Goracke
MONICA GORACKE, OSB #060650
E-mail:  mgoracke@oregonlawcenter.org
Oregon Law Center
522 SW Fifth Ave., Suite 812

7    MEMORANDUM IN SUPPORT OF TENANTS' MOTION TO INTERVENE

Portland, OR  97204
Telephone:  (503) 473-8312
Facsimile:  (503) 295-0676
    Of Attorneys for Intervener-Defendants
    Additional counsel listed on caption page